**Salvatore GUIDO**

v.

**STATE of Rhode Island.**

**No. 99–50–Appeal.**

Supreme Court of Rhode Island.

Feb. 18, 2000.

Robert B. Mann, for plaintiff.

Lauren Sandler Zurier, Aaron L. Weisman, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, and FLANDERS, JJ.

## OPINION

PER CURIAM.

The defendant, Salvatore Guido (applicant), appeals from the denial of his application for post-conviction relief, following a conviction of driving under the influence with serious bodily injury resulting in violation of G.L.1956 § 31–27–2.6. After his conviction, the applicant appealed, and we denied and dismissed this direct appeal in *State v. Guido,* 698 A.2d 729 (R.I.1997). The facts underlying his conviction are fully set forth in that opinion, and need not be reiterated at length here. *See id.* at 732–33. In that opinion we rejected the applicant's arguments that his hospital medical records, containing evidence of his blood-alcohol level on the night of the accident, were unlawfully obtained through a police officer acting as an agent of the grand jury and used by the prosecution. *Id.* at 733. The applicant now raises similar arguments in light of *In re Doe,* 717 A.2d 1129 (R.I.1998), and contends that his application for post-conviction relief should have been granted. The hearing justice rejected this contention, and, after considering this appeal in conference pursuant to Rule 12A(6)(b) of the Supreme Court Rules of Appellate Procedure, so do we.

As was explained in *Guido,* applicant was taken to Rhode Island Hospital following a head-on motor-vehicle collision, where blood samples were drawn from him and tested for the presence of alcohol. *Guido,* 698 A.2d at 732. Three days later a police officer who was investigating the accident appeared before a statewide grand jury and requested subpoenas duces tecum to obtain hospital medical records relating to applicant's blood-alcohol level. *Id.* The officer also asked to be made an agent of the grand jury for return of service on the subpoenas. *Id.* After receiving the records, the officer turned them over to the Office of the Attorney General, which used them to determine that probable cause existed to charge applicant pursuant to a criminal information. *Id.* The applicant argued that his Fourth Amendment rights had been violated when the police officer obtained his medical records, that his records were privileged under the Confidentiality of Health Care Information

Act (CHCIA), G.L.1956 chapter 37.3 of title 5, and should not have been obtained without his consent, and, finally, that the Office of the Attorney General had abused the grand jury system. *Guido*, 698 A.2d at 731.

We recognized, first, that "grand juries are less cabined by Fourth Amendment restrictions" than are other agents of the state. *Id.* at 733. Furthermore, we held that applicant had no legitimate expectation of privacy in his medical records. *Id.* We also determined that the then-applicable provision of the CHCIA, § 5–37.3–4, on which he relied, was constitutionally flawed and could not prohibit judicial access to these types of records. *Id.* at 734. Although we found it "suspicious" that the medical records were not directly turned over to the grand jury, we concluded there was no reversible error in those circumstances. *Id.* at 737. Even though the grand jury was only "peripherally involved," it did authorize the subpoenas, and there was no "serious impairment to the integrity of the grand jury process." *Id.* at 737–38. Moreover, we were bolstered in this view because the prosecutor had later obtained the same medical records by way of a subpoena properly issued pursuant to Rule 17(c) of the Superior Court Rules of Criminal Procedure. *Guido*, 698 A.2d at 738.

One year later, in *In re Doe*, 717 A.2d 1129 (R.I.1998), we were asked to consider whether a specific provision in the amended and renamed Confidentiality of Health Care Communications and Information Act (CHCCIA), chapter 37.3 of title 5, violated the grand jury secrecy requirements of Rule 6(e) of the Superior Court Rules of Criminal Procedure. *In re Doe*, 717 A.2d at 1130. That specific section, § 5–37.3–6.1, requires notice to a patient that his or her medical records have been subpoenaed by the grand jury. In *Doe*, we declared that § 5–37.3–6.1 clearly set forth the legislative intent to protect individuals' privacy rights with respect to their medical records, and did so without threatening

the secrecy provisions of grand jury proceedings. *See In re Doe*, 717 A.2d at 1131. We rejected the state's argument in that case that *Guido* was dispositive, and we distinguished that case in several respects. First, we noted that the analysis in *Guido* was not relevant because it pertained to § 5–37.3–4 of the CHCIA, not § 5–37.3–6.1 of the amended CHCCIA. *In re Doe*, 717 A.2d at 1136. The CHCCIA provision discussed in *Doe* passed constitutional muster. *See id.* Furthermore, we found it significant that the prosecutor in *Guido* had obtained a Rule 17(c) subpoena issued "upon probable cause, after proper application to the Superior Court and after due notice had been given to defense counsel." *In re Doe*, 717 A.2d at 1136 (quoting *Guido*, 698 A.2d at 738).

In *Doe*, we also took the opportunity to address the use of police officers as agents of the grand jury. 717 A.2d at 1136. We had expressed concern about this practice in *Guido*, but in *Doe* we delved deeper and found no explicit or implicit authority for this practice. *Id.* at 1137. We were concerned that police officers receiving possibly privileged information in response to subpoenas could use that information in unfettered ways, including to prosecute misdemeanor crimes without the participation of the grand jury or the Attorney General's Office. *Id.* at 1138. We were even more troubled that prosecutors routinely used the grand jury to issue subpoenas to obtain evidence concerning matters that were not before the grand jury. *Id.* That practice, we declared, is unlawful, because "[t]he subpoena power of the grand jury is designed for its own use, not to further independent investigations of the prosecutor or police." *Id.* at 1138–39 (quoting *People v. DeLaire*, 240 Ill.App.3d 1012, 183 Ill.Dec. 33, 610 N.E.2d 1277, 1284 (1993)).

 The applicant now suggests that this pronouncement in *Doe*—that the use of police officers as agents of the grand jury is illegal—should be applied to his case retroactively, either because it was

foreshadowed in his own appeal or because it is a new rule of law that alters the fundamental way the grand jury had been operating. *See Pailin v. Vose,* 603 A.2d 738, 742 (R.I.1992). We do not agree that *Doe* announced a new rule of criminal law that should be applied retroactively to his case. Indeed, we made clear in *Doe* that there had never been authority for the practice of using grand juries as investigatory tools for police departments or the Attorney General's Office. *In re Doe,* 717 A.2d at 1137. Even if *Doe* had announced a new rule of law, however, it would not be applicable retroactively to the petitioner. If a defendant's appeal has already been decided when a new rule is announced, then the defendant is not entitled to retroactive application of the new rule except in certain narrow circumstances not present here. *See Pailin,* 603 A.2d at 741–42. Contrary to the applicant's argument, *Doe* did not announce a new "watershed rule of criminal procedure that enhances accuracy and is necessary to the fundamental fairness of a criminal proceeding." *Pailin,* 603 A.2d at 742. Instead, *Doe* simply put a halt to the unauthorized practice of police officers acting as agents for the grand jury to recover documents in furtherance of investigations unrelated to the grand jury.

In sum, we have already considered the issues raised by the applicant in his direct appeal, and *Doe* has already been distinguished from the facts of the case presently before us. The applicant has offered us no compelling reason to revisit either of our opinions in *Guido* or in *Doe.* Accordingly, the applicant's appeal is denied and the denial of his application for post-conviction relief is affirmed. The papers of the case shall be remanded to the Superior Court.

Justice GOLDBERG did not participate.